IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Marcus L. Watts,<br><br>    Plaintiff,<br><br>vs.<br><br>Brian Sterling, SCDC,<br><br>    Defendant. | Civil Action No. 6:16-478-JFA-KFM<br><br>**REPORT AND RECOMMENDATION** |

    This matter is before the court on the defendants'[1] motion to dismiss (doc. 33). The plaintiff, a state prisoner who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Section 1983 and submit findings and recommendations to the district court.

    On May 4, 2016, the defendants filed a motion to dismiss the plaintiff's amended complaint for failure to state a claim (doc. 33). On May 5, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to respond adequately (doc. 34). The plaintiff filed his response in opposition to the motion on May 16, 2016 (doc. 39). The defendants filed a reply on May 25, 2016 (doc. 42), and the plaintiff filed a sur-reply on May 31, 2016 (doc. 48).

---

[1] In all of his pleadings and motions, the plaintiff captioned "SCDC," referring to the South Carolina Department of Corrections, as the only defendant. However, within the allegations in the original complaint (doc. 1 at 2), the plaintiff listed the only defendant as "Bryan Sterling, Director of SCDC." Accordingly, the Clerk of Court captioned the case on the docket with the only defendant being "Brian Sterling, SCDC." The United States Marshals Service served one copy of process on defendant Sterling at the SCDC. Nonetheless, both Sterling and the SCDC have moved for dismissal, and they will be collectively referred to herein as "the defendants."

**FACTS PRESENTED**

In his amended complaint (docs. 30 & 30-1), the plaintiff alleges: (1) SCDC's policy restricting an indigent prisoner to two one-ounce domestic envelopes per month violates his First Amendment right to free speech (doc. 30 at 3); (2) that this same SCDC policy violates the constitutional rights of his family and friends in that they "touch on the rights of persons not incarcerated to receive mail" (*id.*); and (3) that SCDC's "Indigent hygiene bags" are racially biased and violate the Equal Protection clause of the Fourteenth Amendment to the United States Constitution (*id.* at 12, 14). The plaintiff initially sought only injunctive relief by demanding that SCDC immediately revise the policy in question (*id.* at 4). The plaintiff later amended his complaint to state that he was seeking nominal damages and punitive damages (*id.* at 7-8).

**APPLICABLE LAW AND ANALYSIS**

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 569 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit

the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)). The court must liberally construe *pro se* complaints to allow the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), and such *pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

***Defendant Stirling***

The plaintiff has failed to allege any personal involvement by defendant Stirling[2] in the alleged violations of his constitutional rights. "Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (rejecting an argument that government officials can be held liable because they merely had knowledge of or acquiesced in a subordinate's misconduct). Furthermore, to the extent the plaintiff alleges that defendant Stirling is liable under a theory of *respondeat superior* for the actions of other SCDC employees, that doctrine is generally inapplicable to Section 1983 claims. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("Section 1983 will not support a claim based on a *respondeat superior* theory of liability.") (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)); *Vinnedge v. Gibbs*, 550 F.2d 926, 928–29 (4th Cir. 1977) (doctrine of *respondeat superior* has no application under § 1983).

In order to proceed on a supervisory liability theory, the plaintiff must show: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to people

---

[2]The proper spelling of this defendant's name is Stirling.

3

like the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). In *Randall v. Prince George's County*, the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" 302 F.3d 188, 206 (4th Cir. 2002) (quoting *Shaw*, 13 F.3d at 799). Furthermore, in establishing deliberate indifference under *Shaw's* second prong, a plaintiff "[o]rdinarily ... cannot satisfy his burden of proof by pointing to a single incident or isolated incidents ... for a supervisor cannot be expected ... to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id*. (quoting *Slakan v. Porter*, 737 F.2d 368, 373 (4th Cir. 1984)). Here, the plaintiff has failed to allege facts that would state a claim to relief that is plausible on its face against defendant Stirling under a supervisory liability theory.

Based upon the foregoing, defendant Stirling should be dismissed from this action.

### *Eleventh Amendment*

The defendants further argue that they are entitled to Eleventh Amendment immunity from monetary damages. The undersigned agrees. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit for damages brought against the State of South Carolina, its integral parts, or its officials in their official capacities, by a citizen of South Carolina or a citizen of another state. *See Alden v. Maine*, 527 U.S. 706, 712-13 (1999). Such immunity extends to arms of the state, including a state's agencies, instrumentalities, and employees. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101-02 (1984). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.

Accordingly, the plaintiff's claims for damages should be dismissed against the defendant SCDC. Furthermore, to the extent that defendant Stirling has been sued in his official capacity, he is also entitled to Eleventh Amendment immunity from monetary damages.

***First Amendment Claim***

The plaintiff alleges that the defendants violated his First Amendment right to free speech by having a policy that restricts indigent prisoners to two one-ounce domestic envelopes per month for general correspondence (doc. 30 at 3).[3] In his response in opposition to the motion to dismiss, the plaintiff identifies SCDC Policy PS-10.08 as the policy that allegedly violates his First Amendment right "to correspond without undue governmental interference" (doc. 39 at 2).

To state a § 1983 claim, "a plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct." *Birch v. Marion Cty. Sheriff's Office*, No. 4:12-0930-TLW-KDW, 2012 WL 3877680, at *2 (D.S.C. June 15, 2012) (citing *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976)). To state a claim, a prisoner must include in his complaint factual allegations that tend to support his claim of deprivation of rights. *White v. White*, 886 F.2d 721, 723 (4th Cir.1989).

Here, the plaintiff fails to allege that he has suffered an actual injury or specific harm resulting from any limitations on his mailings or an application of the SCDC policy to him specifically. The plaintiff claims that SCDC Policy PS-10.08 violates his First Amendment rights to correspond without undue governmental interference but has not stated any factual application of the policy to him at any time in the past.

Moreover, while prison inmates have not forfeited all their constitutional rights, *Cruz v. Beto*, 405 U.S. 319, 320 (1972), these rights are subject to reasonable regulation. In general, prison regulations that impinge on inmates' exercise of their constitutional rights are valid if they are related to a legitimate penological interest. *Turner v. Safley*, 482 U.S.

---

[3] The plaintiff does not raise any issue regarding legal correspondence or restriction of his access to the courts.

5

78, 89 (1987). The following four factors must be considered in assessing the validity of regulations limiting an inmate's exercise of his constitutional rights: 1) the relation between the challenged action and the asserted penological objective; 2) the existence of alternate means for the inmate to exercise the asserted constitutional right; 3) the impact the requested accommodation would have on other inmates, correctional personnel, and prison operations in general; and 4) the existence of any obvious alternative to the challenged regulation. *Id.* at 89-90. The plaintiff "bear[s] the ultimate burden of establishing that the challenged regulation is unconstitutional." *Hause v. Vaught*, 993 F.2d 1079, 1082 (4th Cir. 1993).

The plaintiff has failed to state a claim by failing to allege any facts or incidents regarding a restriction of his rights under the First Amendment. Furthermore, the plaintiff has failed to establish that the challenged policy is unconstitutional. *See Keith v. Merchant*, 2015 WL 505531, at *5 (D.S.C. Feb. 6, 2015) (finding that SCDC policy for inmates in the Special Management Unit "did not foreclose Plaintiff from exercising his First Amendment rights through the mail, but instead restricts him to two envelopes of outgoing correspondence per month while he is detained in the SMU"). Based upon the foregoing, the defendants' motion to dismiss this claim should be granted.

***Equal Protection Claim***

The plaintiff alleges that "the indigent hygiene bags are racially biased, because discrete or insular minorities, especially Blacks, need hair grease and lotion, not as a luxury, but as a health need, to prevent scalp and skin damage" (doc. 30 at 12, 14). He contends that the defendants violated his right to "equal protection under the law" by failing to provide him with such items (*id.*).

In the case of *Veney v. Wyche*, the Fourth Circuit Court of Appeals stated:

> To succeed on an equal protection claim, [the plaintiff] "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir.2001). If he makes this showing, "the court proceeds to

> determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Id*. To state an equal protection claim, [the plaintiff] must plead sufficient facts to satisfy each requirement . . . .

293 F.3d 726, 730-31 (4th Cir. 2001).

The plaintiff has failed to allege that he has been treated differently than other inmates and that the unequal treatment was the result of intentional discrimination. Rather, the allegations of complaint are that he, as well as other black inmates, receive the same indigent hygiene bags as other inmates (doc. 30 at 12, 14). The plaintiff fails to allege any disparate treatment or actual incident involving any of the policies or procedures mentioned in his complaint. Based upon the foregoing, the defendants' motion to dismiss this claim should be granted.

### *Qualified Immunity*

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity is lost if an official violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id*.

To determine whether qualified immunity applies, a district court must determine a plaintiff has alleged the deprivation of an actual constitutional right at all and whether the particular right was clearly established at the time of the alleged violation. *See Tolan v. Cotton*, 134 S.Ct. 1861, 1865-66 (2014) (*per curiam*); and *Wilson v. Layne*, 526 U.S. 603, 609 (1999). "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). Here, as discussed above, the plaintiff's allegations fail to state a claim that the defendants

violated his constitutional rights. Therefore, the undersigned finds that defendant Stirling is entitled to qualified immunity from monetary damages to the extent he is sued in his individual capacity.

*Standing*

In his complaint, the plaintiff alleges that SCDC's "general correspondence rules touch on the rights of persons not incarcerated to receive mail," and, therefore, "this policy also violates the Constitutional Rights of [his] friends and family" (doc. 30 at 3). In *Myers v. Loudoun Cty. Public Schools*, the Fourth Circuit Court of Appeals stated:

> The right to litigate for *oneself*, however, does not create a coordinate right to litigate for *others*. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975) (holding that *a pro se* prisoner may not litigate the interests of other prisoners in class action). The reasoning behind this rule is two-fold: it protects the rights of those before the court, *see id.* ("the competence of a layman [litigating for] himself [is] clearly too limited to allow him to risk the rights of others"), and jealously guards the judiciary's authority to govern those who practice in its courtrooms, *see Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 231 (3d Cir.1998) ("Requiring a minimum level of competence protects not only the [client] but also his or her adversaries and the court from poorly drafted, inarticulate, and vexatious claims.").

418 F.3d 395, 400 (4th Cir. 2005) (emphasis in original). Here, the plaintiff lacks standing to bring an action raising civil rights issues on behalf of his family and friends. Accordingly, any such claim should be dismissed.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the undersigned recommends that the defendants' motion to dismiss (doc. 33) be granted.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

September 20, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).