IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Marcus L. Watts, #316590, | C/A No. 6:16-478-JFA |
| Plaintiff, | |
| vs. | |
| Bryan Sterling, S.C.D.C., | **ORDER** |
| Defendants. | |

**I.     INTRODUCTION**

Marcus L. Watts ("Plaintiff") proceeding pro se and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of the First and Fourteenth Amendments by Defendants Bryan Stirling[1] and the South Carolina Department of Corrections ("SCDC"). ECF No. 30.

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

On February 12, 2016, Plaintiff filed a complaint against Defendant Stirling. ECF No. 1. In addition, Plaintiff moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF No. 2, which was granted on February 22, 2016, by Magistrate Judge Kevin McDonald, ECF No. 7. Between March 10, 2016, and March 14, 2016, Plaintiff filed two motions to amend his complaint. ECF Nos. 13, 19. On March 31, 2016, Magistrate Judge McDonald issued an order granting both motions to amend. ECF No. 24. On April 11, 2016, Plaintiff filed his amended complaint against SCDC. ECF No. 27. On April 12, 2016, due to Plaintiff's incorporation by reference, Magistrate Judge McDonald issued a docket text order directing the Clerk of Court to file Plaintiff's original complaint, first motion to amend, second motion to amend with

---

[1] As clarified in the record, the correct spelling of the name is Bryan Stirling. ECF Nos. 33 at 2, 55 at 3.

attachments, and amended complaint as one document to be labeled as the amended complaint. ECF Nos. 1, 13, 19, 19-1, 27, 28, 30. On May 4, 2016, Defendants filed a motion to dismiss Plaintiff's amended complaint. ECF No. 33.

Because Plaintiff is proceeding pro se, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.3d 309 (4th Cir. 1975), advising him of the importance of the motion and of the need for him to file an adequate response. ECF No. 34. On May 16, 2016, Plaintiff filed a response in opposition to Defendants' motion to dismiss. ECF Nos. 39, 44. On May 25, 2016, Defendants filed a reply. ECF No. 42.

On September 20, 2016, the Magistrate Judge assigned to this action[2] prepared a thorough Report and Recommendation ("Report") and opined that this Court grant Defendants' motion to dismiss. ECF No. 55. The Report set forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation. The parties were advised of their right to object to the Report, which was entered on the docket on September 20, 2016. ECF Nos. 55–56. The Magistrate Judge gave the parties until October 7, 2016, to file objections. *Id.* On October 3, 2016, Plaintiff filed objections to the Report. ECF No. 57. On October 20, 2016, Defendants responded to Plaintiff's objections. ECF No. 60. Thus, this matter is ripe for the Court's review.

### III.    LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

---

[2] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## IV.    DISCUSSION

Plaintiff alleged three claims in his amended complaint: (1) SCDC's policy providing only two envelopes per month to indigent prisoners violates his right to free speech under the First Amendment[3]; (2) said policy also violates the constitutional rights of his non-incarcerated family and friends to receive mail; and (3) SCDC's "Indigent hygiene bags" are racially biased and violate the Equal Protection Clause of the Fourteenth Amendment. ECF No. 30.

The Magistrate Judge opined that Plaintiff's amended complaint should be dismissed: (1) Plaintiff failed to allege he suffered an actual injury or specific instances regarding the restriction of his rights due to SCDC's policy nor did he show the policy was unconstitutional, ECF No. 55 at 5–6; (2) Plaintiff lacked standing to bring an action on behalf of his family and friends, *id.* at 8; (3) Plaintiff failed to allege that he has been treated differently than other inmates as a result of intentional discrimination, *id.* at 7; (4) Plaintiff failed to allege any personal involvement by

---

[3] The policy at issue is SCDC Policy PS 10-08 (available at http://www.doc.sc.gov/pubweb/policy/policy.jsp). In relevant part, it states:

> All indigent inmates, regardless of custody status, will be provided with one (1) pencil (which will be exchanged for a new pencil when it wears out), eight (8) sheets of paper, and two (2) date-stamped envelopes on a monthly basis to be used for sending mail not weighing more than one (1) ounce per envelope. Indigent inmates will be allowed to exchange a current date-stamped envelope for postage to be placed on another envelope (i.e., a greeting card provided by the Chaplain). The inmate's account will not be debited for these supplies.

SCDC Policy PS 10-08 at 4.2.1. This restriction is separate from postage needed for legal correspondence. *See* SCDC Policy PS 10-08 at 4.2.3–.5.

Defendant Stirling or supervisory liability, *id.* at 3; (5) Defendants were entitled to Eleventh Amendment immunity from monetary damages—Defendant Stirling in his official capacity, *id.* at 4–5; and (6) Defendant Stirling was entitled to qualified immunity in his individual capacity, *id.* at 8.

Plaintiff essentially raises four specific objections to the Report.[4] ECF No. 57. Each objection will be addressed in turn. However, no objection was made to the Magistrate Judge's recommendation that Plaintiff did not have standing to bring claims on behalf of his family and friends. The Magistrate Judge's analysis is correct, and, therefore, the recommendation with regard to Plaintiff's lack of standing is adopted in full. *See Thomas v. Am.*, 474 U.S. 140, 151–53 (1985).

### A.  Objections as to Defendant Stirling and the First Amendment Claim

Plaintiff objects to the Report's recommendation that Defendant Stirling be dismissed from this case. First, Plaintiff argues, albeit primarily in his response and objections, that Defendant Stirling is the director of the SCDC responsible for the policies and procedures of the entity—specifically Policy PS-10.08—and his failure to change the policy restricting Plaintiff's receipt of two envelopes per month violates Plaintiff's constitutional right under the First Amendment.[5] ECF No. 57 at 1–2. Second, Plaintiff argues that qualified immunity does not prevent injunctive relief against Defendant Stirling. ECF No. 57 at 3.

Defendants respond to Plaintiff's objections by stating the Magistrate Judge correctly concluded that Defendant Stirling should be dismissed from this action because Plaintiff fails to allege any direct involvement by Defendant Stirling. ECF No. 60 at 4–5. In addition, Defendants

---

[4] Within his objections, Plaintiff provided many of his previously stated arguments. ECF No. 57. As same do not constitute specific objections to the Report, the Court will not address them. Due to their relation, the objections made as to Defendant Stirling and Plaintiff's rights under the First Amendment will be addressed simultaneously.

[5] The envelopes provided to indigent prisoners are date-stamped for mail weighing one ounce or less.

respond that Defendant Stirling is entitled to qualified immunity because Plaintiff has failed to allege deprivation of an actual constitutional right. ECF No. 60 at 8–9.

"It is well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013). However, although Plaintiff provides more specific allegations in his responses or objections, the true issue is that Plaintiff has failed to show he has a constitutional right to additional envelopes for non-legal correspondence as an indigent prisoner.[6] In order to overcome qualified immunity, Plaintiff must allege the deprivation of a constitutional right and that the right was clearly established at the time of the alleged violation. *Pearson v. Callahan*, 555 U.S. 223, 232–36 (2009) (stating either prong may be addressed first and found to be dispositive). Here, Plaintiff claims his right under the First Amendment is being violated by the two envelope restriction imposed upon him because he wants to communicate with non-incarcerated individuals such as his family or friends, and he relies upon *Guajardo v. Estelle*, 580 F.2d 748 (5th Cir. 1978) to show a right to communicate under the First Amendment without unjustified governmental interference is clearly established. ECF No. 30 at 3, 8.

First, this Court is bound by Fourth—not Fifth—Circuit precedent so there is not a standard requiring five stamped envelopes per week to be provided to Plaintiff.

Second, "[i]t is well settled that 'prisoners do not have an unlimited right to free postage in connection with the right of access to the courts. Reasonable regulations are necessary to

---

[6] In addition, the policy must be unconstitutional in order to strip Defendant Stirling of his official or representative character and prohibit any impartation of immunity by the State. *See Virginia Office for Protections and Advocacy v. Stewart*, 563 U.S. 247, 253–55 (2011); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984) (stating "a suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief," but "a suit challenging the constitutionality of a state official's action is not one against the State"). Consequently, Plaintiff is unable to pursue injunctive relief against Defendant Stirling based upon the allegations in his amended complaint because he has failed to plausibly allege how the policy is unconstitutional.

5

balance the rights of prisoners with budgetary considerations.'" *White v. White*, 886 F.2d 721, 723–24 (4th Cir. 1989) (quoting *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir. 1978)). With such a restriction applicable to legal correspondence, it is readily apparent that the SCDC is able to limit the number of envelopes for an indigent prisoner's general correspondence.[7]

Third, the prisoner has the burden to disprove the validity of prison regulations. *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). The Court looks to four factors to determine if a prison regulation withstands a constitutional challenge: (1) whether the regulation is rationally connected to a legitimate governmental interest[8]; (2) "whether alternative means are open to inmates to exercise the asserted right"; (3) "what impact an accommodation of the right would have on guards and inmates and prison resources"; and (4) "whether there are 'ready alternatives' to the regulation." *Id.* Plaintiff's amended complaint, opposition to Defendants' motion to dismiss, and objections to the Report do not provide the Court with any controlling authority or evidence from which to infer that SCDC's mail policy violates the First and Fourteenth Amendments. In addition, Plaintiff has not alleged that he does not have alternative means to interact with family and friends, nor that the increase of stamped envelopes to every prisoner for free would not drain prison resources, or that there is a "ready alternative" to the regulation.

---

[7] Plaintiff does not allege that his access to the courts has been restricted or an issue regarding his legal correspondence exists.

[8] The standard found in *Procunier v. Martinez*, 416 U.S. 396 (1974)—whether the actions "were necessary to further a substantial governmental interest"—was limited "to the facts of that case, *i.e.*, regulations concerning the *censorship* of outgoing personal correspondence from prisoners" and "since *Turner* [*v. Safley,* 482 U.S. 78 (1987)], every Supreme Court decision involving 'prisoner rights' has applied the *Turner* standard of review"—whether the prison official's actions were "reasonably related to legitimate penological interests." *Altizer v. Deeds*, 191 F.3d 540, 548 n.13 (4th Cir. 1999) (emphasis added).

Fourth, the Court "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them," *id.*, even more so when a state penal institution is involved. *See Torcasio v. Murray*, 57 F.3d 1340, 1345–46 (4th Cir. 1995).

Finally, although not controlling, other circuits have held that indigent prisoners do not have a right to free postage for general correspondence. *See Van Poyck v. Singletary*, 106 F.3d 1558 (11th Cir. 1997); *Hershberger v. Scaletta*, 33 F.3d 955, 956–57 (8th Cir. 1994); *Walker v. Davis*, 533 F. App'x 471 (5th Cir. 2013).

Therefore, Plaintiff has failed to allege a constitutional right to additional free envelopes for general correspondence or show that a right has been clearly established, and, thus, this claim is dismissed.

### B.  Objection as to Eleventh Amendment Immunity

Plaintiff objects to the Report with regard to the Eleventh Amendment analysis by conflating qualified immunity for Defendant Stirling in his individual capacity with immunity under the Eleventh Amendment for Defendant Stirling in his official capacity. However, as discussed above and below, Defendant Stirling is entitled to immunity in both capacities. In addition, Plaintiff states he "can sue SCDC, for an injunction or damages where the violation of his rights was the product of an agency's official policy." ECF No. 57 at 2. Plaintiff is incorrect.

Plaintiff cites *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978), to support that he has the ability to sue SCDC. His reliance on *Monell* is misplaced as the United States Supreme Court recognized *a local government* may be held liable when implementation of its official policies or established customs inflict a constitutional injury, not a State. *Id.* at 707–

08. In the absence of consent or abrogation by Congress, a State and its arms enjoy immunity under the Eleventh Amendment from private suits. *See Alden v. Maine*, 527 U.S. 706, 754–56 (1999); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989). As a state agency, SCDC is an arm of the State of South Carolina. *See Will*, 491 U.S. at 70. As such, the Eleventh Amendment protects SCDC from suit whether money damages or injunctive relief is sought. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–01 (1984) ("This [Eleventh Amendment] jurisdictional bar applies regardless of the nature of the relief sought.").

An exception to Eleventh Amendment immunity exists under the doctrine of *Ex parte Young*, 209 U.S. 123 (1908): "[F]ederal courts may exercise jurisdiction over claims against state officials by persons at risk of or suffering from violations by those officials of federally protected rights, if (1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Jemsek v. Rhyne*, No. 15-1420, 2016 WL 5940315, at *3 (4th Cir. Oct. 13, 2016) (quoting *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998)). This exception exists because "a state cannot authorize its officers to violate federal law, so those officers are stripped of sovereign immunity." *Id.* "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotations omitted).

Here, as discussed previously, Plaintiff has failed to plausibly allege his rights under the United States Constitution or a federal law have been violated. Therefore, both Defendants are entitled to immunity under the Eleventh Amendment.

### C. Objection as to the Equal Protection Claim

Plaintiff objects to the Report's statement that he has failed to allege different treatment than other inmates and the unequal treatment was the result of intentional discrimination because he alleges the hygiene bags are "racially biased" as "indigent Black inmates (such as the Plaintiff) are being deprived of much needed hair grease and lotion." ECF No. 57 at 5.

"To succeed on an equal protection claim, a plaintiff must first demonstrate that he has been *treated differently from others* with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001) (emphasis added). The allegations in Plaintiff's complaint state that the "Black prisoners" are being treated differently than "White prisoners" because the *same* hygiene bags are provided to all indigent prisoners and "Blacks need certain oils, ointments and lotions that other races don't require in order to prevent scalp and skin damage." ECF No. 30 at 13. Plaintiff has only alleged that he is being treated the same as all other indigent prisoners, not differently.

Therefore, the Magistrate Judge correctly recommended that Plaintiff has failed to allege a proper equal protection claim under the Fourteenth Amendment, and this claim is dismissed.

### V.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation, ECF No. 55, and dismisses Plaintiff's amended complaint.

**IT IS SO ORDERED**.

January 13, 2017  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge